UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FUNERAL CONSUMERS ALLIANCE INC. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SERVICE CORPORATION INTERNATIONAL *et al.*, <br><br> Defendants. | : <br> : <br> : <br> : <br> : CIVIL ACTION NO. H-05-3394 <br> : The Honorable Kenneth M. Hoyt <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFFS' EXPEDITED MOTION
TO COMPEL CERTAIN PARTY WITNESSES TO APPEAR AT TRIAL**

Plaintiffs respectfully submit this motion to compel defendant Batesville to produce certain key party witnesses for live testimony at trial. This matter is currently set for docket call on August 2, 2010. Plaintiffs recently learned that Batesville is refusing to produce certain key witnesses live at trial. Rather, Batesville will only produce them by deposition. Resolution of this issue is critical to the upcoming trial. Because trial is imminent, plaintiffs respectfully request expedited consideration of this motion. Plaintiffs sought defendants' consent in this relief but defendants declined.

145316.2

## INTRODUCTION

Rule 45 of the Federal Rules of Civil Procedure ("Rule 45") provides that a party may subpoena its adversary's witnesses to appear at trial. Notwithstanding the plain language of Rule 45, Batesville is refusing to produce three of its key witnesses. The basis for Batesville's refusal is that these witnesses have already been deposed, reside outside a 100-mile radius of the Court, and allegedly would be unduly burdened if required to appear at trial.

Batesville's refusal flies in the face of the majority of courts that have interpreted Rule 45 to require the live trial testimony of party witnesses irrespective of their geographic location. It also contradicts Batesville's prior arguments that the Southern District of Texas is convenient for its employees, specifically with regard to their appearance at trial. Batesville cannot have it both ways. And it certainly cannot satisfy its heavy burden of demonstrating that producing these key witnesses at trial would cause it any undue hardship. Nor can it overcome courts' uniform view that live testimony is strongly preferred as the method of presenting witnesses at trial. Therefore, plaintiffs respectfully move to compel the live trial testimony of Batesville witnesses Keith Ashby, Michael Muckerheide and Joseph Weigel.

## ARGUMENT

Rule 45 provides that a party may subpoena a witness "for attendance at a hearing or trial[.]" Fed. R. Civ. P. 45(a)(2)(A). The geographic limitations on service of a trial subpoena are laid out in Rule 45(b)(2): "Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place: (A) within the district of the issuing court; (B) outside that district but within 100 miles of the place specified for the . . . trial . . . ." However, these limitations must be read in conjunction with Rule 45(c)(3)(A)(ii), which expressly limits the geographic restrictions of Rule 45(b)(2), and provides that a court may quash or modify a subpoena that "requires a person who is *neither*

*a party nor a party's officer* to travel more than 100 miles from where that person resides . . ." (emphasis added). Thus, a party witness, by the plain language of Rule 45(b)(2) and 45(c)(3)(A)(ii) read together, may be subpoenaed to appear at trial irrespective of the witness' geographic location.

I. **Courts Routinely Hold That Party Witnesses May Be Subpoenaed To Appear At Trial Without Regard To Their Geographic Location.**

The majority of courts have held that party witnesses may be subpoenaed for appearance at trial without regard to their geographic location. *See Seiter v. Yokohama Tire Corp.*, 2009 WL 3663399, at *1 (W.D. Wash. 2009) (slip op.) ("A majority of courts interpreting the interplay between Rule 45(b)(2)(B) and Rule 45(c)(3)(A)(ii) have found that Rule 45(c)(3)(A)(ii) permits service of a subpoena on a party or a party's officer beyond the 100-mile range that otherwise would serve as a bar."); *Am. Fed'n of Gov't Employees Local 922 v. Ashcroft*, 354 F. Supp. 2d 909, 915 (E.D. Ark. 2003) ("The majority of courts to consider the issue have held that a court may compel the trial testimony of parties and, where the party is a corporation or entity, the party's high-level employees or officers even when the person to be compelled resides beyond the 100-mile range for subpoenas.").

Courts within the Fifth Circuit have overwhelmingly supported this approach. For example, in *In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664, 667 (E.D. La. 2006), the court granted a motion to compel the appearance of an executive who resided more than 100 miles outside the district and later denied a motion to quash the resulting subpoena. The court based its decision on the plain language of Rule 45. *Id.*[1] It noted that "the majority of courts that

---

[1] Subsequently, in *Creative Science Systems, Inc. v. Forex Capital Markets, LLC*, 2006 WL 3826730, at *2 (N.D. Cal. Dec. 27, 2006), the court followed *Vioxx* and similarly held that
*(continued ... )*

145316.2

have been faced with the same issue have ruled likewise." *Id.* at 669. Similarly, in *Personal Audio, LLC v. Apple, Inc.*, 2010 WL 582540, at *4 (E.D. Tex. Feb. 11, 2010), in considering a motion to transfer venue, the Eastern District of Texas specifically stated that the limitations on subpoena powers under Rule 45 only apply to third-party witnesses and, thus, the court may exclude any current party employee from the restrictions imposed under the "100 miles rule."

The Northern District of Texas reached a similar conclusion on a *forum non conveniens* motion, noting that "the court's subpoena power is limited only over persons who are neither parties nor officers of parties." *Hayes v. Segue Software, Inc.,* 2001 WL 1464708, at *5 (N.D. Tex. Nov. 14, 2001). Likewise, the Eastern District of Louisiana held that "the provisions of Rule 45(c)(3)(A)(ii) specify that the 100 mile restriction applies only to persons who are not a party or an officer of a party." *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.,* 2007 WL 2127798, at *3 (E.D. La. July 25, 2007). It therefore compelled the attendance of a party witness outside of the geographic restrictions of Rule 45(b)(2). *Id.*[2]

This limitation on the scope of the geographic restriction in Rule 45 has also been adopted by numerous courts throughout the country. *See, e.g., Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009) (corporate officers and corporate representatives of a party may be subpoenaed and required to travel more than 100 miles from where they reside or are employed); *In re Ames Dep't Stores, Inc*., 2004 WL 1661983, at *1-3 (S.D.N.Y. Bankr. June 25, 2004) (refusing to quash a subpoena served on an

---

*( … continued)*
the defendant's officers were properly subject to a subpoena for appearance at trial notwithstanding where they resided, worked or regularly transacted business.

[2] Moreover, while no Circuit Court has squarely addressed this issue, the Ninth Circuit has noted that Rule 45(c)(3)(A)(ii) affords *nonparties* special protection against the time and expense of complying with subpoenas. *See Exxon Shipping Co. v. U.S. Dept. of Interior,* 34 F.3d 774, 779 (9th Cir. 1994).

145316.2

out-of-state corporate officer, emphasizing the language in Rule 45 and the weight of federal case law); *Ferrel v. IBP, Inc.,* 2000 WL 34032907, at *1 (N.D. Iowa Apr. 28, 2000) (following the majority and holding that despite the "100 mile rule" corporate officers may be subpoenaed); *In re Consol. Parlodel Litig.,* 22 F. Supp. 2d 320, 325 (D.N.J. 1998) (service requirements of Rule 45(b)(2) did not apply to party witnesses); *Venzor v. Chavez Gonzales*, 968 F. Supp. 1258, 1267 (N.D. Ill. 1997) (100-mile "limitation on a trial subpoena applies only to a person who is not a party") (internal citations omitted); *Nat'l Prop. Investors VIII v. Shell Oil Co.,* 917 F. Supp. 324, 329 (D.N.J. 1995) ("unlike party witnesses, non-party witnesses cannot be compelled to testify before this Court").

Some courts have diverged from the majority approach and held that Rule 45's geographic parameters apply to party witnesses.[3] However, this minority view goes against the "plain, unambiguous language of Rule 45." *Vioxx,* 438 F. Supp. 2d at 667. The "better reading of the rule as a whole is to give effect and meaning to the phrase 'who is not a party or an officer of a party' in paragraph (c)(3)(A)(ii)" of Rule 45. *Creative Science,* 2006 WL 3826730, at *2. Holding otherwise "would result in the phrase being pure surplusage, without effect under any circumstances." *Id.* Some courts have even criticized decisions within their own district for failing to follow the majority. *See, e.g., Ferrel,* 2000 WL 34032907, at *2 (rejecting *Land O'Lakes*, 181 F.R.D. at 397, for "not following the majority of courts which have addressed the issue").

This Court should follow the majority view and compel the attendance of Mr. Ashby, Mr. Muckerheide and Mr. Weigel at trial.

---

[3]  *See, e.g., Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 216 (E.D. La. 2008); *Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 397 (N.D. Iowa 1998); *cf. Md. Marine Inc. v. United States*, 2008 WL 2944877, at *5 (S.D. Tex. July 23, 2008) (dicta).

## II. Batesville Cannot Credibly Argue That Producing Their Witnesses Live Is Unduly Burdensome, Nor Can It Deny That Doing So Will Promote Justice.

A subpoena may be quashed or modified if it subjects a person, party or nonparty, to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). A party seeking to quash on this ground "must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive." *Halliburton Energy Servs., Inc. v. M-I, LLC*, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006); *Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D. Tex. 1998). This inquiry is fact-intensive, *Williams,* 178 F.R.D. at 109, and requires a court to balance the interests served by demanding compliance with the subpoena against the interests served by quashing it. *See Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 819-20 (5th Cir. 2004). The lack of undue burden and the benefits to the trial process of compelling the live testimony of these three Batesville witnesses provide additional support for doing so.

### A. Batesville Cannot Argue Undue Burden.

Batesville principally argues that it should not be required to produce these witnesses at trial because they are located more than 100 miles from the Court. This alleged burden does not even approach the requisite "unreasonable" or "oppressive" threshold -- particularly given Batesville's *own admission* that the Southern District of Texas is convenient for its witnesses. Batesville successfully moved to transfer venue to this district (from California) on this very ground: It argued to the Northern District of California that the Southern District of Texas is "*substantially more convenient* for the parties and witnesses." Defs.' Mot. to Transfer Venue at 1 (Dkt. 105) (emphasis added).

Most tellingly and in direct contravention of its position here, Batesville argued to the California court that transfer was necessary to further the convenience of "*live witnesses at trial*." Reply in Support of Mot. to Transfer Venue at 11, 14 (Dkt. 148) (emphasis added). Now,

Batesville is attempting to have it both ways, forcing plaintiffs to litigate in its preferred (and purportedly more convenient) venue, but refusing to produce its witnesses by claiming inconvenience.

### B. Mr. Ashby, Mr. Muckerheide and Mr. Weigel Are Irrefutably Relevant Party Witnesses.

The testimony to be provided by Mr. Ashby, Mr. Muckerheide and Mr. Weigel goes to the core of plaintiffs' allegations in this case.  Each of these witnesses occupied senior-level positions at Batesville and have unique and personal knowledge of its sales and marketing practices.  Among the key positions they held during the relevant damages period: Mr. Ashby was the head of Batesville's entire sales department; Mr. Weigel was in charge of Batesville's corporate communications and the principal contact with Batesville's funeral home customers on the subject of discount casket sellers;[4] and Mr. Muckerheide was the head sales account representative and principal Batesville contact for defendant SCI and Stewart.

Batesville itself has conceded the critical importance of these witnesses' testimony to this trial by designating close to one hundred pages of their deposition transcripts to be read into the trial record.  Batesville cannot, therefore, credibly argue that these witnesses are not key or do not have relevant testimony.  *Cf.* Advisory Committee note to the 1991 amendment to Rule 45 (explaining that it might be unduly burdensome to compel an adversary to attend trial if the adversary is known to have *no personal knowledge of matters in dispute*, especially if the adversary would be required to incur substantial travel burdens) (emphasis added).

---

[4] Batesville recently disclosed that Mr. Weigel is no longer employed by it.  However, Batesville has also indicated that Mr. Weigel remains within its control by noting that Mr. Weigel requested that Batesville and its counsel continue to represent him in these proceedings.

7

### C. Deposition Testimony Is No Substitute For Live Testimony At Trial.

Finally, it is well-settled that the use of deposition testimony is no substitute for live testimony. Indeed, courts that have addressed this issue have found that "the deposition, whether read into the record or played by video . . . is a sedative prone to slowly erode the jury's consciousness until truth takes a back seat to apathy and boredom." *Vioxx,* 438 F. Supp. 2d at 668. As the Supreme Court has noted, "live, in-person testimony is optimal for trial testimony" for the additional reason that the "very ceremony of trial and the presence of the fact-finder may exert a powerful force for truthtelling." *Gulf Oil Corp. v. Gilbert*, 300 U.S. 501, 511 (1947). Furthermore, live testimony facilitates the primary role of the fact-finder to assess witness credibility. *See Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1110 (10th Cir. 2005); *Howe v. Goldcorp Investments, Ltd.*, 946 F.2d 944, 947 (1st Cir. 1991).

Plaintiffs would be severely prejudiced if they are forced to rely on these key witnesses' deposition transcripts when the witnesses are available to testify live. It would "inhibit[] the truth seeking purpose of litigation." *Vioxx*, 438 F. Supp. 2d at 668. And any justification for withholding these witnesses that Batesville could possibly offer would be "severely outweighed by its detrimental effect upon the trial process." *Id.*

**CONCLUSION**

Plaintiffs respectfully request that the Court compel Batesville to produce Mr. Ashby, Mr. Muckerheide and Mr. Weigel to testify live at trial.

**CERTIFICATE OF CONFERENCE**

I certify, pursuant to Fed. R. Civ. P. 37(a)(2)(B), Local Rule 7.1.D and Judge Hoyt's Procedure V, that counsel have conferred in good faith to resolve this dispute but have been unable to agree.  The conference took place by email between Batesville counsel John Cove, Esq. and the undersigned, cc'd to other counsel of record, on July 2 and 4, 2010.

Dated: New York, New York
       July 9, 2010

**CONSTANTINE CANNON LLP**

By   s/ Kerin E. Coughlin
     Kerin E. Coughlin
     Gordon Schnell
     Matthew L. Cantor
     Jean Kim
     Attorneys-in-Charge
     Admitted to this Court *pro hac vice*

450 Lexington Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 350-2700
*Lead Counsel for the Plaintiffs*

OF COUNSEL:

**GIBBS & BRUNS, L.L.P.**
Robert J. Madden
Aundrea K. Frieden
1100 Louisiana Street, Ste. 5300
Houston, TX 77002
Telephone: (713) 650-8805

145316.2