UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FUNERAL CONSUMERS ALLIANCE INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. H-05-3394<br>§<br>§   Judge:  The Honorable Kenneth M. Hoyt<br>§<br>§<br>§<br>§<br>§<br>§ |

**BATESVILLE CASKET COMPANY'S OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO COMPEL CERTAIN WITNESSES**

Plaintiffs have moved to compel the attendance at trial of three out-of-state witnesses, two current employees and one former employee of Batesville, whom Plaintiffs have already deposed in videotaped depositions for a full day each.  Each of the three witnesses has told Batesville that they will not voluntarily appear for trial.  Plaintiffs' request exceeds the scope of the subpoena power granted by Federal Rule of Civil Procedure 45(b), is little more than harassment designed to further increase the costs and burden of the upcoming trial on the Defendants, and should be denied.

**FACTS**

Keith Ashby is currently a Regional Sales Director for Batesville Casket Company for the Southeast Region.  (*See* Declaration of Richard Barnett ("Barnett Decl.") ¶ 2.)  He is not an officer of the company, and has not been since September 30, 2008.[1]  (*Id.*)  Mr. Ashby resides on

---

[1] Prior to September 30, 2008, Mr. Ashby held various Sales Vice President positions at Batesville.

1

St. Helena Island, South Carolina. (*Id.*) He was deposed for a full day in this litigation, and his deposition was videotaped.

Michael Muckerheide is one of Batesville's directors of strategic accounts, i.e., an account manager with responsibility for certain national accounts, including at various times Stewart and SCI. (*Id.* at ¶ 3.) Mr. Muckerheide resides in the Hebron, Kentucky area. (*Id.*) He is not now and never has been an officer of the company. (*Id.*) He was deposed for more than a full day in this matter, beginning at 9:16 in the morning and ending at 7:31 p.m. in the evening, and his deposition was videotaped.

Joe Weigel is a former public relations director for Batesville. (*Id.* at ¶ 4.) He was never an officer of the company. (*Id.*) Mr. Weigel's employment with Batesville Casket Co. ended more than two years ago, July 11, 2008, and he has moved from Indiana to Illinois in connection with his new job for a different employer. (*Id.*) He has no ongoing connection or relationship with Batesville Casket. Mr. Weigel was deposed for a full day in this litigation, and his deposition was videotaped. Batesville does not exercise any control whatsoever over Mr. Weigel.[2]

## ARGUMENT

Plaintiffs' argument that Mr. Ashby, Mr. Muckerheide and Mr. Weigel may be compelled to appear at trial, pursuant to Rule 45(c)(3)(A)(ii), is supported neither by the facts nor the law. **First**, none of the three witnesses Plaintiffs seek to compel are within the Court's subpoena power because none of them work or reside within the district, the state of Texas, or 100 miles of

---

[2] To the best of Batesville's knowledge, Mr. Weigel has not been served with a trial subpoena and has not authorized any counsel to accept service on his behalf. Mr. Weigel has authorized Batesville's counsel to represent to the Court that he does not wish to take time from his current job to travel to Houston to testify live, because, among other reasons, he was already deposed for a full day.

2

the courthouse.³  Even if Rule 45(c)(3)(A)(ii) created an exception to permit nationwide service for officers of parties, none of these witnesses are officers of Batesville.  **Second,** Mr. Ashby, Mr. Muckerheide, and Mr. Weigel have already been fully deposed and Plaintiffs will suffer no prejudice from using their videotaped depositions at trial.

### I.   Mr. Ashby, Mr. Muckerheide And Mr. Weigel Work And Reside Outside The Territorial Limits Of The Court's Subpoena Power.

The Federal Rules establish the Court's power to enforce trial testimony through a trial subpoena pursuant to Rule 45.  The Rule expressly permits service of a subpoena only:  (1) within the judicial district, (2) within 100 miles of the trial, (3) within the state in which the trial is to be held, if state law permits statewide service of process, or (4) where a statute otherwise specifically authorizes service.  Fed. R. Civ. P. 45(b)(2).  Plaintiffs offer no argument, and there is none, that a trial subpoena has or can be served on Mr. Ashby, Mr. Muckerheide, or Mr. Weigel as provided in Rule 45(b)(2).

Instead, Plaintiffs argue for an implied exception to the express limits on service in Rule 45(b)(2).  Plaintiffs rely on Rule 45(c)(3)(A)(ii), which provides that the Court must quash a subpoena if it requires "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial."  Plaintiffs suppose Rule 45(c)(3)(A)(ii) permits nationwide service of a trial subpoena on a "party" or a "party's officer," and that this power requires Mr. Ashby, Mr. Muckerheide, and Mr. Weigel to appear at trial.  There are two fundamental errors in this argument.  First, none of the witnesses subject to this motion is a "party" or a "party's officer," so any exception created by Rule 45(c)(3)(A)(ii) does not apply to them.  Second, Plaintiffs' argument for nationwide service is contrary to the plain language of

---

³ Plaintiffs argue that these three individuals should travel more than 100 miles to testify at trial because Defendants filed a motion to transfer the case from San Francisco to Houston.  Contrary to Plaintiffs' assertion, Batesville never stated that the Southern District of Texas is "convenient for its witnesses." (Mot. at 6.)  This district is convenient for SCI (located in Houston) and was convenient for Stewart (located in Louisiana), but it is not convenient for witnesses who live in Indiana – it is simply closer than the location Plaintiffs' counsel originally chose for their lawsuit – San Francisco – which had no connection to the case at all.

3

the Rule and has been rejected by the weight of recent authority.

        A.      <u>Any Exception to the Service Requirements in Rule 45(c)(3)(A)(ii) Does Not Apply to Mr. Ashby, Mr. Muckerheide, or Mr. Weigel</u>

Whatever the merit of creating an implied exception to the clear and express service requirements of Rule 45(b)(2), any such exception does not apply here. The source of the claimed exception – Rule 45(c)(3)(A)(ii) – is limited to a "party" or a "party's officer." Mr. Ashby, Mr. Muckerheide, and Mr. Weigel are not parties to this litigation or officers of Batesville or any other party. (Barnett Decl. ¶¶ 2-4.) Indeed, Mr. Muckerheide and Mr. Weigel have never been officers of Batesville, and Mr. Weigel is no longer even a Batesville employee. (*Id.* at ¶¶ 3-4.) As a result, even under Plaintiffs' view of the Rule, they cannot be required to appear at trial. Furthermore, even if such a subpoena issued, it would immediately be subject to a mandatory motion to quash under Rule 45(c)(3). *See, e.g., Guidance Endodontics, LLC v. Dentsply Int'l., Inc.*, Co. CIV 08-1101 JB/RLP, 2009 WL 3672499, at *2-3 (D.N.M. Sept. 29, 2009) ("The Court would therefore be forced to quash the subpoena as soon as it issued because the employees referenced by Guidance are not officers of the Defendants, and they would be required to travel more than 100 miles to reach the courthouse."); *see also Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05cv633 JLS (CAB), 2009 WL 3415689, at *5 (S.D. Cal. Oct. 21, 2009) ("pursuant to Rule 45(c)(3)(A)(ii), the Court must grant the movants' motion to quash" subpoenas for former employees).

        B.      <u>Rule 45(c)(3)(A)(ii) Does Not Alter the Service Requirements of Rule 45(b)(2)</u>

In any event, Plaintiffs are wrong to suggest that Rule 45(c)(3)(A)(ii) alters the traditional 100-mile territorial limit imposed by Rule 45(b)(2). *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 215-16 (E.D. La. 2008).

Plaintiffs' argument that Rule 45(c)(3)(A)(ii) permits them to issue trial subpoenas without geographic restriction would require this Court to ignore the plain language Rule 45(b). Rule 45(b) defines the territorial reach of the Court's subpoena power by delineating where a

subpoena may properly be served, "subject to" the limitations spelled out in Rule 45(c)(3)(A)(ii). *Big Lots*, 251 F.R.D. at 215-16; *see also Maryland Marine Inc. v. United States*, No. H-07-3030, 2008 WL 2944877, at *6 (S.D .Tex. July 23, 2008) (granting motion to transfer to district where party officers could be served pursuant to Rule 45(b)). Thus, "[t]o compel a person to attend trial, the person must be served [pursuant to] Rule 45(b)(2) **and** not be subject to the protection in Rule 45(c)(3)(A)(ii)." *Maryland Marine Inc.*, 2008 WL 2944877, at *6 (emphasis in original).

This makes perfect sense. Rule 45(b)(2) permits a trial subpoena to be served anywhere within Texas. For witnesses who are not a "party" or a "party's officer," requiring travel to Houston for trial from a distant location such as, for example, Amarillo (approximately 600 miles) would be a substantial burden. Accordingly, Rule 45(c)(3)(A)(ii) gives the court the power to quash a trial subpoena unless the witness "resides, is employed, or regularly transacts business in person" within 100 miles of the trial. That common-sense limitation in no way suggests that a party's officer can be required to attend trial from distant, out-of-state locations.

Nonetheless, Plaintiffs ask the Court to adopt the flawed analysis of a district court in Louisiana that reached the "negative inference" that Rule 45(c)(3)(A)(ii) trumps the traditional territorial limitations imposed by Rule 45(b)(2) and permits nationwide service of a party's officers. *See In re Vioxx Products Liability Litig.*, 438 F. Supp. 2d 664, 667 (E.D. La. 2006). In other words, the *Vioxx* argument is this: Congress didn't prohibit nationwide service of a party's officers, so it must be permitted. *Id.* Plaintiffs take this one step further and argue that Rule 45(c)(3)(A)(ii) permits nationwide service on a party's current and former employees without limitation. It does not.

In *Big Lots*, the court analyzed both the language of Rule 45 and the reasoning in *Vioxx*, and reached the conclusion that Rule 45 does not permit nationwide service of a party's officers, much less their employees. *Big Lots*, 251 F.R.D. at 215-16. Rule 45(b) defines the territorial reach of the Court's subpoena power by delineating where a subpoena may properly be served, "subject to" the limitations spelled out in Rule 45(c)(3)(A)(ii). Finding a "negative inference" of nationwide service on a party's officers would require the Court "to read the limiting ('subject

5

to') clause of Rule 45(b)(2) as stating '*In addition to the provisions of* Rule 45(c)(3)(A)(ii).'" *Big Lots*, 251 F.R.D. at 217 (emphasis in original).

Plaintiffs suggest that unless Rule 45(c)(3)(A)(ii) is read to permit nationwide service of parties and party officers, the phrase "who is not a party or an officer of a party" would be pure surplusage. (Mot. at 5.) This is incorrect. Rule 45(c)(3)(A)(ii) operates to protect nonparties who work or reside within the district or state and would otherwise be subject to service under Rule 45(b)(2) when the subpoena would require travel of more than 100 miles. If a person has been properly served pursuant to Rule 45(b)(2), Rule 45(c)(3)(A)(ii) requires the court to quash or modify the subpoena unless the person is a party or a party's officer. *See JamSports and Entm't, LLC v. Paradama Productions, Inc.*, No. 02 C 2298, 2005 WL 14917, at *1 (N.D. Ill. January 3, 2005) (quashing subpoena for defendant's executive vice president and chief financial officer who lived out of state and more than 100 miles from site of trial); *Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 397 (N.D. Iowa 1998) (defendant's officer who lived and worked more than 100 miles from site of trial was not subject to court's subpoena power). This subsection merely protects nonparties from being required to travel over 100 miles; it does not affect the traditional territorial limitations on a court's subpoena power imposed by Rule 45. In referring to "a person who is neither a party nor a party's officer," Congress merely indicated that parties and party officers could be required to travel more than 100 miles as long as they were located within the same state or district as the issuing court.

"When a rule defining a judicial power or a legal right is 'subject to' a cross-referenced rule or statute, the ordinary sense of that construction is that the power or right is *limited* by the cross-referenced position." *Big Lots*, 251 F.R.D. at 216-17 (citing *Riley v. St. Luke's Episcopal, Hosp.*, 252 F.3d 749, 763 n.19 (5th Cir. 2001) (emphasis in original)). The interpretation of Rule 45 urged by Plaintiffs – that Rule 45(c)(3)(A)(ii) expands rather than limits Rule 45(b)(2) – is contrary to the rules of statutory construction and ignores the plain language of Rule 45.

No appellate court has ruled on this issue, but there is a growing consensus among district courts adopting the so-called "minority" position that Rule 45(c)(3)(A)(ii) does not alter the

requirement for proper service of a trial subpoena.  *See e.g., Maryland Marine*, 2008 WL 2944877, at *6 (quoting *Big Lots*, 251 F.R.D. at 215-16) (granting motion to transfer based, in part, on requirement that parties and parties' officers must be served pursuant to Rule 45(b)(2)); *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556, 559 (N.D. Ala. 2009) (following *Big Lots* and quashing trial subpoenas issued to defendant's out-of-state officers); *Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 734 (E.D. Wis. 2008) (following *Big Lots* and quashing trial subpoena issued to officer of defendant because it did not comply with Rule 45(b)(2)); *Iorio*, 2009 WL 3415689, at *3 (granting motion to quash trial subpoenas issued to defendant's current and former officers).  As Wright and Miller make clear, the "<u>100-mile limit applies to a party as well as to an ordinary witness.</u>"  Wright & Miller, Fed. Prac. & Proc. § 2454 (2010) (emphasis added).

Plaintiffs cite only three post-*Big Lots* cases.[4]  Of these, Plaintiffs mischaracterize the only case that was decided by a court within the 5th Circuit.  (Mot. at 4.)  *Personal Audio, LLC v. Apple, Inc.* held that "the court's subpoena power is subject to Rule 45(c)(3)."  No. 9:09-CV-111, 2010 WL 582540, at *4 (E.D. Tex. Feb. 11, 2010).  The rest of Plaintiffs' cases are not reflective of the current judicial trend in favor of the so-called "minority position."

> **II.     Mr. Ashby, Mr. Muckerheide, And Mr. Weigel Have Been Fully Deposed, And Plaintiffs Will Suffer No Prejudice From Using Their Videotaped Depositions At Trial.**

Mr. Ashby, Mr. Muckerheide and Mr. Weigel were fully deposed in videotaped depositions for a day each and Plaintiffs have had the opportunity to question them regarding the facts of this case.  They will suffer no prejudice from using the videotaped depositions of these witnesses at trial.  Rule 32 permits the use of deposition testimony in situations precisely like this.  Rule 32(a)(4)(B) expressly provides that "a party may use for any purpose the deposition of

---

[4] *Seiter v. Yokohama Tire Corp.*, No. C08-5578 FDB, 2009 WL 3663399, at *1 (W.D.Wash. Nov. 3, 2009) (slip op.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009); *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-CV-111, 2010 WL 582540, at *4 (E.D. Tex. Feb. 11, 2010).

7

a witness, whether or not a party, if the court finds that the witness is more than 100 miles from . . . the place of trial." Because Mr. Ashby, Mr. Muckerheide, and Mr. Weigel each work and reside more than 100 miles from the courthouse, their deposition testimony may be used by Plaintiffs at trial, subject to appropriate objections. There is no need to burden these witnesses further, particularly here where the maximum claimed damages have already been more than satisfied by a prior settlement and the only financial issue in dispute is Plaintiffs' attorneys' fees.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel the appearance of Keith Ashby, Michael Muckerheide and Joseph Weigel should be denied.

|  | Respectfully submitted, |
|---|---|
| DATED:  July 19, 2010 | BOIES, SCHILLER & FLEXNER LLP<br><br>      /s/<br>RICHARD DRUBEL<br>(Texas Bar No. 06136075)<br>(S.D. Texas Admission No. 6199)<br><br>26 South Main Street<br>Hanover, NH 03755<br>Telephone:  (603) 643-9090<br>Facsimile:  (603) 643-9009<br>rdrubel@bsfllp.com<br><br>JOHN F. COVE, JR. (*pro hac vice*)<br>KIERAN RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA  94612<br>Telephone:  (510) 874-1000<br>Facsimile:  (510) 874-1460<br>jcove@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>KENNETH S. MARKS<br>(Texas Bar No. 12995500)<br>(S.D. Texas Admission No. 02767)<br>VICTORIA L. COOK<br>(Texas Bar No. 24031912)<br>(S. D. Texas Admission No. 32734)<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana, Suite 5100 |

|  | Houston, TX  77002-5096<br>Telephone:  (713) 651-9366<br>Facsimile:  (713) 654-6666<br>kmarks@susmangodfrey.com<br>vcook@susmangodfrey.com<br><br>*Attorneys for Defendants Hillenbrand Industries, Inc. and Batesville Casket Company, Inc.* |
|---|---|